United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 5, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10118
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM GALLO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-205-10
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

William Gallo was convicted of one charge of conspiracy to distribute cocaine, marijuana, and methamphetamine and sentenced to serve 168 months in prison. Gallo appeals his conviction and sentence. He argues that the appellate waiver in his plea agreement is invalid. He also argues that his counsel was ineffective at sentencing and that his sentence violated his Sixth Amendment right to trial by jury under United States v. Booker, 543 U.S. 220 (2005). The Government seeks to enforce the waiver.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The record reflects that Gallo knowingly and voluntarily plead guilty and waived his appellate rights.  See United States v. Melancon, 972 F.2d 566, 567-68 (5th Cir. 1992).  Therefore, the appeal waiver is valid and bars Gallo's claims on appeal. See id.; United States v. White, 307 F.3d 336, 340-43 (5th Cir. 2002).  Although Gallo makes a claim of ineffective assistance for his lawyer's rescission of the Booker objection at sentencing, that claim does not go to the plea or waiver itself and, hence, the waiver bars it.  White, 307 F.3d at 340-433. Relatedly, Gallo's plea waiver - which waived "claims of ineffective assistance of counsel" on habeas but allowed challenge to "the voluntariness of his plea of guilty of this waiver" on direct appeal - was not overly broad because allowing challenge to the plea or waiver itself is what matters, and such a challenge, which can have as its predicate ineffective assistance, was not barred by the waiver of ineffective assistance claims on habeas here.

Accordingly, the district court's judgment is AFFIRMED.  The Government's motion to dismiss the appeal is DENIED.